IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT P. BENYAMINI,

      Plaintiff,                    No. CIV S-08-1552 DAD P

    vs.

SIMPSON, et al.,

      Defendants.          <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action. On October 22, 2008, this court granted plaintiff a thirty-day extension of time to file his opposition to defendants' motion to dismiss. On December 3, 2008, the court granted plaintiff an additional thirty days to do so. Finally, on January 12, 2009, the court granted plaintiff ninety more days to file his opposition to defendants' motion to dismiss. In total, the court has granted plaintiff five months to file his opposition to defendants' motion to dismiss. Notwithstanding the court's recent warning that it would not grant plaintiff any further extensions of time, plaintiff has filed a request for another ninety-day extension of time to file an opposition to defendants' motion to dismiss.

        A review of the instant action raises serious questions about whether plaintiff has diligently prosecuted this case. Plaintiff is strongly advised that the court possesses the

1

discretionary authority to dismiss an action based on plaintiff's failure to diligently prosecute. Fed. R. Civ. P. 41(b). See also Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). If plaintiff no longer wishes to proceed with this action, or if he believes he is unable to diligently prosecute this action at this time, he should file a request to voluntarily dismiss this action without prejudice. Otherwise, in the interests of justice, the court will grant plaintiff one final thirty-day extension of time to file his opposition to defendants' motion to dismiss. Failure to do so will result in a recommendation that this action be dismissed.

Plaintiff has also filed a request for appointment of counsel. As the court previously advised plaintiff, the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's April 8, 2009 request for an extension of time (Doc. No. 25) is granted in part;

/////

/////

| | |
|---|---|
| 1 |     2. Plaintiff is granted a final thirty days from the date of service of this order to |
| 2 | file his opposition to defendants' motion to dismiss. No further extensions of time will be |
| 3 | granted for this purpose; |
| 4 |     3. Failure to comply with this order will result in a recommendation for dismissal |
| 5 | of this action; and |
| 6 |     4. Plaintiff's April 8, 2009 motion for appointment of counsel (Doc. No. 25) is |
| 7 | denied. |
| 8 | DATED: April 22, 2009. |

_/s/ Dale A. Drozd_
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
beny1552.31+36opp(2)