IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT P. BENYAMINI,

    Plaintiff,                              No. CIV S-08-1552 DAD P

    vs.

SIMPSON, et al.,                       ORDER AND

    Defendants.                     FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. On October 6, 2008, defendants moved to dismiss this action, arguing that plaintiff's complaint fails to state a cognizable claim for relief. Plaintiff has not filed an opposition to the motion.[1]

**BACKGROUND**

        Plaintiff is proceeding on his original complaint against defendants Huntley and Sampson. Therein, he alleges as follows. On July 21, 2004, defendants Huntley and Sampson performed a "roll up" of plaintiff's property because he was moving to administrative

---

[1] The court has granted plaintiff a total of five months to file his opposition to defendants' motion, but plaintiff has failed to do so. In addition, the court recently served an order on plaintiff's address of record, but it was returned as undeliverable and marked as refused. Accordingly, dismissal pursuant to Federal Rule of Civil Procedure 41(b) would be justified.

1

segregation. The defendants were supposed to secure all of plaintiff's belongings and create an inventory of his property. Then, they were to place his belongings in a secure box labeled with his name and move it to the property storage area. However, the defendants did not follow proper procedures. For example, according to plaintiff, the defendants threw much of his personal property away. They also left his property unattended and in other inmates' view to respond to an alarm. According to plaintiff, defendants' failure to follow proper procedures resulted in damage to his property and loss of some of his belongings, including a pair of eyeglasses, an extension cord and pens. Plaintiff requests monetary damages. (Compl. at 3 & Attach.)

**DEFENDANTS' MOTION TO DISMISS**

Counsel for defendants argues that the court should dismiss this action because plaintiff's complaint fails to state a cognizable claim for relief. Specifically, counsel argues that while an authorized, intentional deprivation of property is actionable under the Fourteenth Amendment Due Process Clause, a deprivation that is not carried out according to state procedures, regulations, or statutes, such as that alleged here, is not actionable under § 1983 if the state provides an adequate post-deprivation remedy. Defense counsel contends that California law provides for an adequate post-deprivation remedy. Accordingly, counsel concludes that plaintiff cannot state a cognizable claim based on defendants' alleged mishandling of his property, and this action should be dismissed. (Defs.' Mot. to Dismiss at 1, 4-5.)

**ANALYSIS**

I. <u>Legal Standards Applicable to a Motion to Dismiss Pursuant to Rule 12(b)(6)</u>

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint. <u>North Star Int'l v. Arizona Corp. Comm'n</u>, 720 F.2d 578, 581 (9th Cir. 1983). Dismissal of the complaint, or any claim within it, "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990).

See also Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).  In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

In determining whether a pleading states a claim, the court accepts as true all material allegations in the complaint and construes those allegations, as well as the reasonable inferences that can be drawn from them, in the light most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  In the context of a motion to dismiss, the court also resolves doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

In general, pro se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The court has an obligation to construe such pleadings liberally.  Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled.  Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982); see also Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992).

II. Discussion

The United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional

deprivations constitute actionable violations of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations or statutes. Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985).

As counsel observes, plaintiff does not allege that the defendants mishandled his property pursuant to state procedures. Quite the contrary. Plaintiff alleges that defendants either intentionally or negligently failed to follow state procedures during the "roll up," resulting in damage to, and loss of, his property. As noted above, however, an unauthorized intentional deprivation of property does not constitute a violation of the Due Process Clause because the California Legislature has provided a remedy for tort claims against public officials in California Government Code, §§ 900, et seq. See Hudson, 468 at 533; Parratt v. Taylor, 451 U.S. 527, 543 (1981) (a prisoner alleging the deprivation of property as a result of an agents' failure to follow established state procedures failed to state a cognizable due process claim); overruled on other grounds by, Daniels v. Williams, 474 U.S. 327 (1986) (a prisoner alleging lack of due care by state officials failed to state a due process claim because negligence does not "deprive" an individual of life, liberty, or property for purposes of the Fourteenth Amendment).

Accordingly, plaintiff's complaint fails to state a cognizable claim for relief and should be dismissed.

## CONCLUSION

IT IS HEREBY ORDERED that the Clerk of the Court is directed to randomly assign a United States District Judge to this action; and

IT IS HEREBY RECOMMENDED that defendants' October 6, 2008 motion to dismiss (Doc. No. 12) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

1  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
2  shall be served and filed within ten days after service of the objections.  The parties are advised
3  that failure to file objections within the specified time may waive the right to appeal the District
4  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
5  DATED: June 8, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
beny1552.57